[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a motion to strike the Seventh and Eighth Counts of the plaintiffs complaint arguing that these claims of a CUTPA violation and of theft are legally insufficient. For the following reasons, this court grants the defendant's motion.
The Seventh Count of the complaint alleges that the defendant violated CUTPA. That count incorporates the allegations in the First Count, a breach of contract count, and adds paragraphs stating that the acts of the defendants violated the CUTPA statute.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends CT Page 8078 public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial in jury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Willow Springs CondominiumAssociation, Inc. v Seventh BRT Development Corp. , 245 Conn. 1,43, 717 A.2d 77 (1998).
Merely alleging breach of contract is insufficient to plead a violation of CUTPA. "A simple breach of contract does not offend traditional notions of fairness, and . . . standing alone does not offend public policy to invoke CUTPA. . . . The plaintiff must allege more than a mere breach of contract." (Citation omitted).Grolio v Elrac, Superior Court. judicial district of Stamford/Norwalk at Stamford, docket number CV 970160928 (January 19, 1999, D'Andrea, J.). A breach of contract claim will only support a CUTPA count, when the plaintiff alleges circumstances that are substantial and aggravating. The Production Equipment Co. vBlakeslee Arpaia Chapman, Superior Court, judicial district of New Haven at Meriden, Docket No. 247285 (January 3, 1996, Silbert, J.).
The plaintiffs counsel conceded that the allegations in his complaint did not specifically use the words "unscrupulous" or "unethical" and did not specifically plead the egregious nature of the conduct, but he argued that these concepts were implied by the type of conduct he described in the complaint. Implied conduct, in this case, is not sufficient to support a CUTPA claim. The plaintiff must specifically plead the type of conduct he claims violated CUTPA. As the complaint is currently drafted, the allegations do not support a CUTPA claim. Therefore, the defendants' motion to strike the Seventh Count is granted.
The Eighth Count of the complaint alleges a violation of Connecticut General Statute section 52-564. That count re-alleges the claims in the first count, the breach of contract count and adds a paragraph claiming that the defendants had committed theft.
Section 52-564 of Connecticut General Statute provides that CT Page 8079 "any person who steals any property or another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." In order to sufficiently plead a violation of section 52-564 the plaintiff must plead intent. Failing to do so renders the count legally insufficient. Therefore, the Eighth Count must be stricken.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT CT Pages 8079 — 8084
[EDITORS' NOTE: The case contained on this page is now located on Pages 7857- 7862] CT Pages 8084 — 8092
[EDITORS' NOTE: The case contained on this page is now located on Pages 7862 — 7870] CT Pages 8092 — 8094
[EDITORS' NOTE: The case contained on this page is now located on Pages 7870 — 7872] CT Pages 8094 — 8096
[EDITORS' NOTE: The case contained on this page is now located on Pages 7872 — 7874] CT Pages 8096 — 8100
[EDITORS' NOTE: The case contained on this page is now located on Pages 7874 — 7879.] CT Pages 8100 — 8110
[EDITORS' NOTE: The case contained on this page is now located on Pages 7879 — 7889.] CT Pages 8110 — 8119
[EDITORS' NOTE: The case contained on this page is now located on Pages 7889 — 7897.] CT Pages 8119 — 8126
[EDITORS' NOTE: The case contained on this page is now located on Pages 7897 — 7904.] CT Pages 8126 — 8132
[EDITORS' NOTE: The case contained on this page is now located on Pages 7904 — 7911.]
CT Pages 8133 — 8138
[EDITORS' NOTE: The case contained on this page is now located on Pages 7857- 7862] CT Pages 8139 — 8145
[EDITORS' NOTE: The case contained on this page is now located on Pages 7862 — 7870] CT Pages 8146 — 8147
[EDITORS' NOTE: The case contained on this page is now located on Pages 7870 — 7872] CT Pages 8148 — 8159
[EDITORS' NOTE: The case contained on this page is now located on Pages 7872 — 7874] CT Pages 8150 — 8154
[EDITORS' NOTE: The case contained on this page is now located on Pages 7874 — 7879.] CT Pages 8155 — 8164
[EDITORS' NOTE: The case contained on this page is now located on Pages 7879 — 7889.] CT Pages 8165 — 8172
[EDITORS' NOTE: The case contained on this page is now located on Pages 7889 — 7897.] CT Pages 8173 — 8189
[EDITORS' NOTE: The case contained on this page is now located on Pages 7897 — 7904.] CT Pages 8180 — 8187
[EDITORS' NOTE: The case contained on this page is now located on Pages 7904 — 7911.] CT Pages 8188 — 8212
[EDITORS' NOTE: The case contained on this page is now located on Pages 7911 — 7937.] CT Pages 8213 — 8219
[EDITORS' NOTE: The case contained on this page is now located on Pages 7937 — 7944.] CT Pages 8220 — 8229
[EDITORS' NOTE: The case contained on this page is now located on Pages 7944 — 7954.] CT Pages 8230 — 8232
[EDITORS' NOTE: The case contained on this page is now located on Pages 7954 — 7957.] CT Pages 8233 — 8244
[EDITORS' NOTE: The case contained on this page is now located on Pages 7957 — 7969.] CT Pages 8245 — 8252
[EDITORS' NOTE: The case contained on this page is now located on Pages 7969 — 7977.] CT Pages 8253 — 8256
[EDITORS' NOTE: The case contained on this page is now located on Pages 7977 — 7981.] CT Pages 8257 — 8263
[EDITORS' NOTE: The case contained on this page is now located on Pages 7981 — 7988.] CT Pages 8264 — 8265
[EDITORS' NOTE: The case contained on this page is now located on Pages 7988 — 7990.] CT Pages 8266 — 8268
[EDITORS' NOTE: The case contained on this page is now located on Pages 7990 — 7993.] CT Pages 8269 — 8273
[EDITORS' NOTE: The case contained on this page is now located on Pages 7993 — 7997.] CT Pages 8274 — 8282
[EDITORS' NOTE: The case contained on this page is now located on Pages 7997 — 8007.] CT Pages 8283 — 8285
[EDITORS' NOTE: The case contained on this page is now located on Pages 8007 — 8010.] CT Pages 8286 — 8287
[EDITORS' NOTE: The case contained on this page is now located on Pages 8010 — 8012.] CT Pages 8288 — 8294
[EDITORS' NOTE: The case contained on this page is now located on Pages 8012 — 8018.] CT Pages 8295 — 8309
[EDITORS' NOTE: The case contained on this page is now located on Pages 8019 — 8034.] CT Pages 8310 — 8312
[EDITORS' NOTE: The case contained on this page is now located on Pages 8034 — 8037.] CT Pages 8313 — 8316
[EDITORS' NOTE: The case contained on this page is now located on Pages 8037 — 8041.] CT Pages 8317 — 8327
[EDITORS' NOTE: The case contained on this page is now located on Pages 8041 — 8051.] CT Pages 8327 — 8335
[EDITORS' NOTE: The case contained on this page is now located on Pages 8051 — 8060.] CT Pages 8336 — 8346
[EDITORS' NOTE: The case contained on this page is now located on Pages 8060 — 8070.] CT Pages 8347 — 8349
[EDITORS' NOTE: The case contained on this page is now located on Pages 8071 — 8074.] CT Pages 8350 — 8352
[EDITORS' NOTE: The case contained on this page is now located on Pages 8074 — 8077.] CT Pages 8353 — 8354
[EDITORS' NOTE: The case contained on this page is now located on Pages 8077 — 8079.] CT Pages 8355 — 8359
[EDITORS' NOTE: The case contained on this page is now located on Pages 7857 — 7862.] CT Pages 8360 — 8367
[EDITORS' NOTE: The case contained on this page is now located on Pages 7862 — 7870.] CT Pages 8368 — 8369
[EDITORS' NOTE: The case contained on this page is now located on Pages 7870 — 7872.] CT Pages 8370 — 8371
[EDITORS' NOTE: The case contained on this page is now located on Pages 7872 — 7874.] CT Pages 8372 — 8375
[EDITORS' NOTE: The case contained on this page is now located on Pages 7874 — 7879.] CT Pages 8376 — 8385
[EDITORS' NOTE: The case contained on this page is now located on Pages 7879 — 7889.] CT Pages 8386 — 8394
[EDITORS' NOTE: The case contained on this page is now located on Pages 7889 — 7897.] CT Pages 8395 — 8401
[EDITORS' NOTE: The case contained on this page is now located on Pages 7897 — 7904.] CT Pages 8402 — 8408
[EDITORS' NOTE: The case contained on this page is now located on Pages 7904 — 7911.] CT Pages 8409 — 8414
[EDITORS' NOTE: The case contained on this page is now located on Pages 7857- 7862] CT Pages 8415 — 8421
[EDITORS' NOTE: The case contained on this page is now located on Pages 7862 — 7870] CT Pages 8422 — 8423
[EDITORS' NOTE: The case contained on this page is now located on Pages 7870 — 7872] CT Pages 8424 — 8427
[EDITORS' NOTE: The case contained on this page is now located on Pages 7872 — 7874] CT Pages 8426 — 8430
[EDITORS' NOTE: The case contained on this page is now located on Pages 7874 — 7879.] CT Pages 8431 — 8442
[EDITORS' NOTE: The case contained on this page is now located on Pages 7879 — 7889.] CT Pages 8441 — 8448
[EDITORS' NOTE: The case contained on this page is now located on Pages 7889 — 7897.] CT Pages 8449 — 8455
[EDITORS' NOTE: The case contained on this page is now located on Pages 7897 — 7904.] CT Pages 8456 — 8463
[EDITORS' NOTE: The case contained on this page is now located on Pages 7904 — 7911.] CT Page 8464